**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DAVID PEDRAZA,**

    **Plaintiff,**

v.                                                      **No. _____**

**CHRISTOPHER SMELSER,**                       **JURY TRIAL DEMANDED**
**and THE CITY OF LAS CRUCES d/b/a
LAS CRUCES POLICE DEPARTMENT,**

    **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

**COMES NOW**, the Plaintiff, by and through his attorney, Margaret Strickland, and in support of his complaint against Defendants, state the following upon knowledge, information and belief:

### I.  JURISDICTION AND VENUE

1.  Jurisdiction and venue are proper in the Federal District Court of New Mexico.

2.  All the parties reside in New Mexico and the acts complained of herein occurred exclusively within Dona Ana County, New Mexico.

3.  This is a civil rights claim brought pursuant to 42 USC § 1983 and 42 USC § 1988; therefore, this Court has jurisdiction over this action pursuant to 28 USC § 1343.

### II.  PARTIES

4.  Plaintiff David Pedraza is an individual who resides in Dona Ana County, New Mexico.

5. Defendant Christopher Smelser was an individual employed by the City of Las Cruces Police Department as a law enforcement officer. Defendant Smelser is sued in his individual capacity.

6. Defendant the City of Las Cruces (hereinafter "the City") is an incorporated municipality located in Dona Ana County, New Mexico and is a person as defined by 42 U.S.C. § 1983.

7. The City operates and has complete authority over the Las Cruces Police Department.

8. At all times pertinent, Defendant Smelser was acting in the course and scope of his employment and under color of state law.

### III. FACTS

Plaintiff alleges and reasserts all prior paragraphs of this complaint as though fully set forth herein.

9. It is common practice for Las Cruces Police Department Officers to stop vehicles leaving homes in which they believe drugs are being sold.

10. Once the officers stop the vehicle, they attempt to locate drugs in the vehicle or on the people in the vehicle. If the officers locate drugs, they can use that to help build a case against the people in the home in which they believe drugs are being sold.

11. On September 22, 2018 Defendant Smelser saw what he thought was suspicious activity indicating sale of drugs at a residential home.

12. As a truck drove away from the home, Defendant Smelser made a pretextual stop of the truck for a faded license plate.

13. Along with the driver, Plaintiff David Pedraza was a passenger in the truck.

14. Defendant Smelser first spoke with the driver. He had that driver step out of the truck and then began questioning the driver about illegal drugs, his relationship with the passenger, and what the driver and Mr. Pedraza were doing.

15. The driver denied that there was anything illegal in the truck or that they had bought drugs while at the house.

16. Defendant Smelser then asked Mr. Pedraza to get out of the car and step to the back of his patrol car. When Mr. Pedraza questioned the request, Officer Smelser slammed on the door and ordered him out.

17. Once at the back of the patrol car, without consent or legal cause, Defendant Smelser searched Mr. Pedraza, reaching into Mr. Pedraza's pockets, and pulling out the contents, which was money.

18. Defendant Smelser then demanded to know where the drugs were and what Mr. Pedraza had been doing at the suspicious home.

19. Mr. Pedraza denied that he had any drugs on him or that he had been buying drugs.

20. Defendant Smelser then began to demand that Mr. Pedraza admit he had been buying drugs and that Mr. Pedraza give him information about the home where Defendant believed drugs were being sold.

21. Mr. Pedraza again denied he was buying drugs at the home.

22. Defendant Smelser was very upset that Mr. Pedraza was not giving him the information he wanted. As Defendant Smelser continued to question Mr. Pedraza, Mr. Pedraza turned his upper body slightly away from Defendant Smelser.

23. When Mr. Pedraza turned Defendant Smelser, said nothing but grabbed Mr. Pedraza and attempted some kind of leveraged takedown.

24. When the takedown did not work correctly, Defendant Smelser tackled Mr. Pedraza forcefully into the ground from behind.

25. The force by which Defendant Smelser tackled Mr. Pedraza was substantial and it threw Mr. Pedraza forward and then to the ground, with Defendant Smelser on top of him.

26. Defendant Smelser, while on top of Mr. Pedraza, then began to use a vascular neck restraint, and other means of force.

27. The neck restraint did not make Mr. Pedraza lose consciousness. Mr. Pedraza did feel the effects of the vascular neck restraint, but he did not fully lose consciousness.

28. After the vascular neck restraint, Defendant Smelser handcuffed Mr. Pedraza, and placed him in the back of his police car.

29. When Defendant Smelser grabbed Mr. Pedraza, he had no reasonable fear for his safety or legal grounds to elevate the detention into an arrest.

30. As he was being attacked, Mr. Pedraza did not resist and told Defendant Smelser he was not resisting.

31. During the attack, Defendant Smelser broke Mr. Pedraza's collar bone and dislocated his shoulder.

32. As of the filing of this complaint, Mr. Pedraza's collar bone has not yet fully healed.

33. While he was being handcuffed, Mr. Pedraza complained about serious pain in his shoulder area. Rather than handcuff him in the front, or take some other action to relieve the pain, Defendant Smelser did nothing.

34. Defendant Smelser had no reasonable grounds to handcuff Mr. Pedraza behind his back while he was complaining of severe pain.

35. Prior to Defendant Smelser's attack on Mr. Pedraza, the Las Cruces Police Department was aware of a pattern of excessive force and Fourth Amendment misconduct among Las Cruces Police Department Officers and it was aware that its investigations of excessive force were inadequate.

36. Las Cruces Police Department's system for investigating officers for excessive force and civil rights violations was broken and ineffective. When officers were involved in cases of excessive force or other civil rights violations, Las Cruces Police Department would routinely fail to collect evidence needed for a proper investigation, including not collecting witness names and failing to collect evidence by use of recording equipment. Even when such evidence was collected, it was frequently ignored if the evidence conflicted with the officer's account.

37. Las Cruces Police Department failed to collect recorded evidence by allowing officers to turn off their recording devices during parts of citizens encounters that implicated

excessive force and civil rights violations; allowing officers to warn one another that there are recording; and allow officers with known histories of excessive force and/or improperly turning off their cameras to stop using a body cameras.

38. Without adequate investigations, Las Cruces Police Department was unable to effectively discipline officers that were accused of excessive force or Fourth Amendment violations.

39. This pattern of inadequate investigation emboldened Las Cruces Police Officers who committed civil rights violations.

40. Defendant Smelser is one of those officers. He had a prior history of failing to collect evidence in cases regarding use of force and the Fourth Amendment. He was not properly investigated for it or disciplined for it, and on the day he attacked Mr. Pedraza he was allowed to patrol with no body camera.

41. The lack of an effective investigations and discipline by the Las Cruces Police Department was a moving force behind Defendant Smelser's actions. Defendant Smelser knew he would not be property investigated or disciplined for his actions.

42. Las Cruces Police Department knew that its lack of effective investigations and discipline was substantially certain to result in further constitutional violations. Las Cruces Police Department chose to disregard that risk.

### IV. COUNT 1:  FOURTH AMENDMENT VIOLATION - UNREASONABLE SEARCH AND SEIZURE

Plaintiff alleges and reasserts all prior paragraphs of this complaint as though fully set forth herein.

43. Mr. Pedraza has a Fourth Amendment right to be free from unreasonable searches and seizures.

44. Defendant Smelser violated Mr. Pedraza's Fourth Amendment right to be free from unreasonable searches and seizures.

45. Defendant Smelser violated Mr. Pedraza's right to be free from unreasonable seizures, when he tackled him to the ground and handcuffed him.

46. Defendant Smelser violated Mr. Pedraza's right to be free from unreasonable searches when Defendant Smelser went through his pockets.

47. Defendant Smelser's conduct was malicious, willful, reckless, and/or wanton.

48. An individual's right to be free of unlawful search and seizure was clearly established as of September 2018.

49. As a direct and proximate result of Defendant Smelser's unlawful conduct set forth herein, Mr. Pedraza suffered damages.

## V. COUNT 2: FOURTH AMENDMENT VIOLATION - EXCESSIVE FORCE

Plaintiff alleges and reasserts all prior paragraphs of this complaint as though fully set forth herein.

50. Mr. Pedraza has a Fourth Amendment right to be free from excessive force.

51. Defendant Smelser used excessive force on Mr. Pedraza during the seizure and after Mr. Pedraza was handcuffed behind his back despite severe pain to his shoulder.

52. Defendant Smelser's conduct was malicious, willful, reckless, and/or wanton.

53. An individual's right to be free from excessive force was clearly established in September of 2018.

54. As a direct and proximate result of Defendants' unlawful conduct set forth above, Mr. Pedraza suffered damages.

### VIII. COUNT 3: *MONELL* – CUSTOM OR POLICY LEADING TO CONSTITUTIONAL VIOLATIONS

Plaintiff alleges and reasserts all prior paragraphs of this complaint as though fully set forth herein.

55. The City is charged with the responsibility for appointing, supervising, training, instructing, disciplining, and promoting Las Cruces Police Department officers, including Defendant Smelser.

56. Prior to September 2018, the City developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Las Cruces, New Mexico.

57. It was the policy and/or custom of the Las Cruces Police Department to inadequately investigate use of force by officers, including allowing officers to fail to collect important evidence.

58. As a direct and proximate result of Defendant City's unlawful conduct set forth above, Mr. Pedraza suffered damages.

## IX. DAMAGES

Plaintiff alleges and reasserts all prior paragraphs of this complaint as though fully set forth herein.

59. Because of the actions described, Plaintiff suffered damages.

60. Plaintiff should be awarded a judgment against Defendants as follows:

    A. Compensatory damages in an undetermined amount, including, but not limited to, damages for violations of his civil rights, physical injury, pain and suffering, humiliation, and emotional distress.

    B. Punitive damages in an undetermined amount.

    C. Reasonable costs and attorney's fees incurred in bringing this action.

    D. Pre- and post- judgment interest.

    E. Such other and further relief as the Court deems just and proper.

## X. JURY DEMAND

61. Plaintiff demands a trial by jury.

Respectfully submitted,

*Electronically Submitted*

*/s/ Margaret Strickland*
Margaret Strickland
MCGRAW & STRICKLAND, LLC
165 West Lucero Avenue
Las Cruces, NM 88005
Phone: 575.523.4321
*Attorney for Plaintiff*