# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DAVID PEDRAZA**,

    Plaintiff,

v.                                                                                            CIV-20-00808 SMV/GJF

**CHRISTOPHER SMELSER,**
**and THE CITY OF LAS CRUCES d/b/a**
**LAS CRUCES POLICE DEPARTMENT**,

    Defendants.

## ANSWER TO COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

Defendant, Christopher Smelser (*herein after* "Defendant Smelser"), through his attorneys Robles, Rael & Anaya, P.C. (Luis Robles), hereby states the following for his Answer to Complaint for Civil Rights Violations:

### I. JURISDICTION AND VENUE

1.    Defendant Smelser admits the allegation made in paragraph 1 of Plaintiff's Complaint for Civil Rights Violations ("Plaintiff's Complaint").

2.    Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegation made in paragraph 2 of Plaintiff's Complaint and, therefore, denies this allegation.

3.    Defendant Smelser admits the allegation made in paragraph 3 of Plaintiff's Complaint.

## II. PARTIES

4. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegation made in paragraph 4 of Plaintiff's Complaint and, therefore, denies this allegation.

5. Defendant Smelser admits the allegation made in paragraph 5 of Plaintiff's Complaint.

6. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegation made in paragraph 6 of Plaintiff's Complaint and, therefore, denies this allegation.

7. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegation made in paragraph 7 of Plaintiff's Complaint and, therefore, denies this allegation.

8. Defendant Smelser admits the allegation made in paragraph 8 of Plaintiff's Complaint.

## III. FACTS

9. Defendant Smelser denies the allegations made in paragraph 8 of Plaintiff's Complaint.

10. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 10 of Plaintiff's Complaint and, therefore, denies these allegations.

11. With regard to paragraph 11 of Plaintiff's Complaint, Defendant Smelser admits that

while on patrol he received a tip from Narcotic Agents on a possible residence engaging in selling narcotics and Defendant Smelser observed a suspicious vehicle outside of this residence while on patrol. With regard to the remaining allegations in paragraph 11 of Plaintiff's Complaint, Defendant Smelser denies these allegations.

12. With regard to paragraph 12 of Plaintiff's Complaint, Defendant Smelser admits that he conducted a traffic stop on a white Ford F250. With regard to the remaining allegations made in Paragraph 12 of Plaintiff's complaint, Defendant Smelser denies these allegations.

13. Defendant Smelser admits the allegation made in paragraph 13 of Plaintiff's Complaint.

14. With regard to paragraph 14 of Plaintiff's Complaint, Defendant Smelser admits that he asked the driver of the white Ford F250 to step out of his vehicle and speak with him near his police unit. With regard to the remaining allegations in paragraph 14 of Plaintiff's Complaint, Defendant Smelser denies these allegations.

15. With regard to paragraph 15 of Plaintiff's Complaint, Defendant Smelser admits that the driver of the white Ford F250 denied having anything illegal on him or in the truck. With regard to the remaining allegations in paragraph 15 of Plaintiff's Complaint, Defendant Smelser denies these allegations.

16. With regard to paragraph 16 of Plaintiff's Complaint, Defendant Smelser admits that he asked the passenger of the white Ford F250, Mr. Pedraza, to step out of his vehicle and speak with him near his police unit. With regard to the remaining allegations in paragraph 16 of Plaintiff's Complaint, Defendant Smelser denies these allegations.

17. With regard to paragraph 17 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 17. To the extent that paragraph 17 contains factual assertions instead of legal conclusions, Defendant Smelser denies these allegations.

18. Defendant Smelser denies the allegations made in paragraph 18 of Plaintiff's Complaint.

19. Defendant Smelser denies the allegations made in paragraph 19 of Plaintiff's Complaint.

20. Defendant Smelser denies the allegations made in paragraph 20 of Plaintiff's Complaint.

21. Defendant Smelser denies the allegations made in paragraph 21 of Plaintiff's Complaint.

22. Defendant Smelser denies the allegations made in paragraph 22 of Plaintiff's Complaint.

23. Defendant Smelser denies the allegations made in paragraph 23 of Plaintiff's Complaint.

24. With regard to paragraph 24 of Plaintiff's Complaint, Defendant Smelser admits he pursued Mr. Pedraza as he was fleeing on foot and tackled Mr. Pedraza. With regard to the remaining allegations in paragraph 24 of Plaintiff's Complaint, Defendant Smelser denies these allegations.

25. With regard to paragraph 25 of Plaintiff's Complaint, Defendant Smelser admits that

he and Mr. Pedraza fell to the ground and that Defendant Smelser was on top of Mr. Pedraza. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 25 of Plaintiff's Complaint and, therefore, denies these allegations.

26. With regard to paragraph 26 of Plaintiff's Complaint, Defendant Smelser admits he performed a vascular neck restraint on Mr. Pedraza. With regard to the remaining allegations in paragraph 26 of Plaintiff's Complaint, Defendant Smelser denies these allegations.

27. With regard to paragraph 27 of Plaintiff's Complaint, Defendant Smelser admits that the vascular neck restraint he performed did not make Mr. Pedraza lose consciousness. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 27 of Plaintiff's Complaint and, therefore, denies these allegations.

28. With regard to paragraph 28 of Plaintiff's Complaint, Defendant Smelser admits he placed Mr. Pedraza in handcuffs. With regard to the remaining allegations in paragraph 28 of Plaintiff's Complaint, Defendant Smelser denies these allegations.

29. Defendant Smelser denies the allegations made in paragraph 29 of Plaintiff's Complaint.

30. Defendant Smelser denies the allegations made in paragraph 30 of Plaintiff's Complaint.

31. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 31 of Plaintiff's Complaint and, therefore, denies

these allegations.

32. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 32 of Plaintiff's Complaint and, therefore, denies these allegations.

33. Defendant Smelser denies the allegations made in paragraph 33 of Plaintiff's Complaint.

34. Defendant Smelser denies the allegations made in paragraph 34 of Plaintiff's Complaint.

35. With regard to paragraph 35 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 35. To the extent that paragraph 35 contains factual assertions instead of legal conclusions, Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 35 of Plaintiff's Complaint and, therefore, denies these allegations.

36. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 36 of Plaintiff's Complaint and, therefore, denies these allegations.

37. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 37 of Plaintiff's Complaint and, therefore, denies these allegations.

38. Defendant Smelser is without knowledge nor information sufficient to form a belief

as to the truth of the allegations made in paragraph 38 of Plaintiff's Complaint and, therefore, denies these allegations.

39. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 39 of Plaintiff's Complaint and, therefore, denies these allegations.

40. Defendant Smelser denies the allegations made in paragraph 40 of Plaintiff's Complaint.

41. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 41 of Plaintiff's Complaint and, therefore, denies these allegations.

42. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 42 of Plaintiff's Complaint and, therefore, denies these allegations.

### IV. COUNT 1: FOURTH AMENDMENT VIOLATION - UNREASONABLE SEARCH AND SEIZURE

Defendant Smelser realleges all of his previous and subsequent answers to Plaintiff's Complaint as fully set forth herein.

43. With regard to paragraph 43 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 43. To the extent that paragraph 43 contains factual assertions instead of legal conclusions, Defendant Smelser admits that citizens have a

"Fourth Amendment right to be free from unreasonable searches and seizures."

44. With regard to paragraph 44 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 44. To the extent that paragraph 44 contains factual assertions instead of legal conclusions, Defendant Smelser denies these allegations.

45. With regard to paragraph 45 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 45. To the extent that paragraph 45 contains factual assertions instead of legal conclusions, Defendant Smelser denies these allegations.

46. With regard to paragraph 46 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 46. To the extent that paragraph 46 contains factual assertions instead of legal conclusions, Defendant Smelser denies these allegations.

47. Defendant Smelser denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. With regard to paragraph 48 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 48. To the extent that paragraph 48 contains factual assertions instead of legal conclusions, Defendant Smelser admits that in September 2018 citizens have a "Fourth Amendment right to be free from unreasonable searches and seizures."

49. Defendant Smelser denies the allegations in paragraph 49 of Plaintiff's Complaint.

## V. COUNT 2: FOURTH AMENDMENT VIOLATION

Defendant Smelser realleges all of his previous and subsequent answers to Plaintiff's Complaint as fully set forth herein.

50. With regard to paragraph 50 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 50. To the extent that paragraph 50 contains factual assertions instead of legal conclusions, Defendant Smelser admits that citizens have a "Fourth Amendment right to be free from excessive force."

51. With regard to paragraph 51 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 51. To the extent that paragraph 51 contains factual assertions instead of legal conclusions, Defendant Smelser denies these allegations.

52. Defendant Smelser denies the allegations in paragraph 52 of Plaintiff's Complaint.

53. With regard to paragraph 53 of Plaintiff's Complaint, Defendant Smelser affirmatively states that pursuant to Federal Rule of Civil Procedure 8(b) he is not required to respond to the legal conclusion set forth in paragraph 53. To the extent that paragraph 53 contains factual assertions instead of legal conclusions, Defendant Smelser admits that in September 2018 citizens have a "Fourth Amendment right to be free from excessive force."

54. Defendant Smelser denies the allegations in paragraph 54 of Plaintiff's Complaint.

## VIII.[sic] COUNT III: MONELL – CUSTOM OR POLICY LEADING TO CONSTITUTIONAL VIOLATIONS

Defendant Smelser realleges all of his previous and subsequent answers to Plaintiff's Complaint as fully set forth herein.

55. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 55 of Plaintiff's Complaint and, therefore, denies these allegations.

56. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 56 of Plaintiff's Complaint and, therefore, denies these allegations.

57. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 57 of Plaintiff's Complaint and, therefore, denies these allegations.

58. Defendant Smelser is without knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 58 of Plaintiff's Complaint and, therefore, denies these allegations.

59. Defendant Smelser hereby denies each and every allegation not specifically admitted in his Answer, including any allegations made in Plaintiff's Prayer for Relief.

60. All allegations made in Plaintiff's Complaint not specifically addressed by the preceding responses are hereby denied.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

None of the actions described in Plaintiff's Complaint constitute a violation of Plaintiff's constitutional or statutory rights by Defendant Smelser, entitling him to qualified immunity.

## Second Affirmative Defense

Defendant Smelser's actions were objectively reasonable under the circumstances and did not violate any of Plaintiff's clearly established constitutional rights, thereby entitling Defendant Smelser to qualified immunity.

## Third Affirmative Defense

Plaintiff's injuries, if any, were proximately caused by an independent intervening cause for which Defendant Smelser is not liable.

## Fourth Affirmative Defense

The force utilized by these defendants was appropriate and reasonable under all of the circumstances with which they were confronted.

## Fifth Affirmative Defense

The force utilized by Defendant Smelser was appropriate and reasonable under all of the circumstances with which they were confronted.

## Sixth Affirmative Defense

Plaintiff created the circumstances which called for the use of force by Defendant Smelser and, therefore, was wholly or partially at fault for the incident which led to his alleged injury. Accordingly, the claims of Plaintiff should be subject to reduction for comparative fault of Plaintiff.

**Seventh Affirmative Defense**

At all times material hereto, Defendant Smelser acted in good faith and without malice, his actions were proper, justified, legitimate, objectively reasonable, lawful and necessary under the circumstances, were supported by reasonable suspicion, probable cause, and supported by the circumstances, and were not taken with any deliberate indifference to the Plaintiff's rights.

**Eighth Affirmative Defense**

Plaintiff may have failed to mitigate his damages.

**Ninth Affirmative Defense**

Defendant Smelser reserves the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this answer.

**JURY DEMAND**

Defendant Smelser demands a trial by jury for all claims which may be tried by a jury.

**WHEREFORE,** Defendant Smelser respectfully requests that this Court dismiss Plaintiff's Complaint for Civil Rights Violations, award Defendant Smelser his attorney's fees and costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**


By:    /s/ Luis Robles
        Luis Robles
        Attorney for Defendant Christopher Smelser
        500 Marquette Ave., NW, Suite 700
        Albuquerque, New Mexico 87102
        (505) 242-2228
        (505) 242-1106 (facsimile)
        luis@roblesrael.com

I hereby certify that the foregoing was electronically filed through the CM/ECF on this 26th day of October 2020 which will cause service to the following:

Margaret Strickland
McGraw & Strickland, LLC
165 West Lucero Avenue
Las Cruces, NM 88005
(575) 523-4321
margaret@lawfirmnm.com

*Attorney for Plaintiff*

Damian L. Martinez
Mynatt Martinez Springer P.C.
1660 Hickory Loop
P.O. Box 2699
Las Cruces, New Mexico, 88004-2699
(575) 524-8812
DLM@mmslawpc.com

*Attorney for City of Las Cruces*


 /s/ Luis Robles
Luis Robles